expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

50 A.3d 647

IN THE MATTER OF KENNETH P. SIRKIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 048591998).

September 12, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–413, recommending that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(E), **KENNETH P. SIRKIN** of **BOYNTON BEACH, FLORIDA,** who was admitted to the bar of this State in 1999, and who has been suspended from the practice of law since October 8, 2009, be disbarred based on discipline imposed in Florida for unethical conduct in a minimum of thirteen matters, including conversion of client funds, which conduct if committed in New Jersey would constitute violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.2(a) (failure to abide by the client's decisions concerning the scope and objectives of the representation), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to properly communicate with the client), *RPC* 1.4(c) (failure to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding he representation), *RPC* 1.5(c) (improper contingent fee and failure to provide the client with a written statement at the conclusion of the matter), *RPC* 1.15(b) (failure to promptly remit funds that a client or third party is entitled to receive), *RPC* 1.15(d) (recordkeeping violations), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And **KENNETH P. SIRKIN** having failed to appear on the Order directing him to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **KENNETH P. SIRKIN** be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;

ORDERED that **KENNETH P. SIRKIN** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.